PROB 12C
(Rev.2011)

United States District Court
for
Middle District of Tennessee

**Superseding Petition for Warrant for Offender Under Supervision**
**[Supersedes Petition Filed as Docket Entry No. 24]**

Name of Offender: <u>Jamon Antonio Hester</u>   Case Number: <u>3:04-00054-01</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Court Judge</u>

Date of Original Sentence: <u>July 29, 2004</u>

Original Offense: <u>18 U.S.C. § 924 (c)(1) - Possession of a Firearm in Furtherance of Drug Trafficking</u>

Original Sentence: <u>Sixty (60) months, consecutive to state sentences; 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>September 6, 2011</u>

Assistant U.S. Attorney: <u>Brent Hannafan</u>   Defense Attorney:   <u>AFPD Mike Holley</u>

**PETITIONING THE COURT**
__ To issue a Summons.   **X** To consider the additional information at the revocation hearing.
__ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The additional information to be considered at the revocation hearing.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

*/s/ Paul Montgomery*
Sr. U.S. Probation Officer
Paul Montgomery

Considered this __6__ day of
__May__, 2013, and made a part of the records in the above case.

*/s/ Todd Campbell*
Todd J. Campbell
U.S. District Court Judge

Place   Nashville, TN

Date   May 6, 2013

The information provided in the previous petition, filed as docket entry No. 24, has been amended as follows:

> **Violation No. 1 - has been amended to include disposition information about the pending drug charge stemming from the defendant's September 10, 2012, arrest.**
>
> **Paragraph 2 - has been amended to include updated disposition information about the pending drug charge from the defendant's March 14, 2012, arrest.**

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **Shall not commit another federal, state or local crime:**

   The defendant was arrested on September 10, 2012, by Metro Nashville Police Department and charged with Possession With Intent to Deliver a Controlled Substance-.5 Grams or More of Cocaine; and, Selling a Controlled Substance-.5 Grams or More of Cocaine, both Class B Felonies.

   **On April 25, 2013, the defendant pled guilty in Davidson County Criminal Court to Felony Sale of a Controlled Substance. He was sentenced to 12 years, suspended. Placed on 12 years Community Corrections. The Possession with Intent to Deliver .5 grams or More of Cocaine charge was dismissed.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Hester began his term of supervised release on September 6, 2011. The terms of his supervised release conditions were explained to the defendant.

The Court was previously informed of the defendant's March 14, 2012, arrest via a Probation From 12A, Report on Offender Under Supervision **[Docket No. 21.]** Specifically, the defendant was charged with Unlawful Possession of a Controlled Substance. No adverse action was requested at that time. The defendant, when questioned about the aforementioned arrests, stated he did not know drugs were in the vehicle. He stated he is only casually acquainted with the co-defendant, Mario Miller, in this case. According to Mr. Hester, he stated he drove to Mr. Miller's apartment to ride with him to a night club. As they approached the night club, which is located on Murfreesboro Road, the vehicle was stopped by Metro Police Officers. **The above noted case was dismissed in Davidson County Criminal Court on November 8, 2012.**

According to the criminal affidavits filed against the defendant as to the September 10, 2012, charges, Metro Nashville Police Detectives conducted a buy-takedown operation using a reliable Confidential Informant (CI). The CI placed a call to a male who referred to himself as "Smooth". The CI ordered an amount of cocaine from the source and was instructed by the source to meet him near the new Convention Center near Lafayette Avenue. The CI was followed to the meeting place by the detectives and monitored by undercover detectives. The defendant was observed walking from the Convention Center to the CI's vehicle, where the defendant got into the passenger seat of the CI's vehicle.

The CI had been given recorded buy money and an electronic listening/recording device was attached to his body. The defendant was observed holding a plastic baggy and appeared to be retrieving drugs for the CI. After the deal was completed, the defendant asked the CI to drive him to his vehicle which was parked across the street at the Sherwin Williams Paint Store. The defendant was taken into custody at that location (Lea & 7th Avenue S.). Mr. Hester was observed throwing money at the CI as he was being taken into custody. A small baggy of a white rock substance was recovered from the defendant's left sock and field tested positive for the presence of cocaine. The approximate weight of the sale was 2.8 grams. Also, $160 of previously recorded buy money which the defendant was observed throwing was recovered from the vehicle. **As noted on page 2 of this petition, the defendant pled guilty to one of the counts and was sentenced to 12 years - suspended.**

### Update of Offender Characteristics:

Mr. Hester previously resided with his parents in Nashville, Tennessee. He was employed as a general laborer with Acoustic Engineering Company of Florida, at the site of the new Nashville Convention Center.

### U.S. Probation Officer Recommendation:

The defendant was in federal court for an Initial Appearance on April 30, 2013. Probable Cause and Detention Hearings were scheduled for May 2, 2013. However, the defendant waived both hearings and remains in custody pending the revocation hearing.

It is respectfully requested that this updated information be considered at the revocation hearing before Your Honor.

This matter has been submitted to Assistant U. S. Attorney Brent Hannafan who concurs with the recommendation.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JAMON ANTONIO HESTER, CASE NO. 3:04-00054-01

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** *Pre-APRIL 30, 2003*     *VCCA PROVISIONS*

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) 18 U.S.C. § 3583(e)(3) | 46 to 57 months | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. 3583(h) | 3 - 5 years less any term of imprisonment U.S.S.G. 5D1.2(a)(1) | No Recommendation |

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1).

**Guideline Policy Statements:** Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

Respectfully Submitted,

Paul Montgomery
Sr. U.S. Probation Officer

Approved:
W. Burton Putman
Supervisory U.S. Probation Officer